Ye
# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA MORENO MENDOZA, ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00825-GMN-GWF |
| vs. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court for consideration is the Motion to Remand (ECF No. 20) filed by Plaintiff Martha Moreno Mendoza ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 22) filed by Defendant Carolyn W. Colvin ("Defendant"). These motions were referred to the Honorable George W. Foley, Jr., United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). Judge Foley entered a Report and Recommendation (ECF No. 24), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff has filed an Objection to the Report and Recommendation (ECF No. 25), and Defendant has filed a Response (ECF No. 26).

## I. BACKGROUND

Pursuant to Titles II and XVI of the Social Security Act, Plaintiff applied for disability insurance benefits and supplemental security income on February 10, 2011, alleging a period of disability beginning on May 30, 2010 due to degenerative disc disease of the spine and rotator cuff disorder of the left shoulder. (Administrative Record ("A.R.") 29–31, 162–72). Plaintiff's application was denied, and following a hearing on December 5, 2012, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (*Id.* 29–37, 43–65).

At the hearing on December 5, 2012, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 43–65). In assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the analysis, the ALJ determined that Plaintiff could perform light work with certain additional limitations, including that she could only occasionally reach overhead with her left arm. (*Id.* 32–36). Despite her RFC to light work with some limitations, the ALJ found that Plaintiff could still perform her previous job as a housekeeper, relying predominantly on the testimony of vocational expert Bernard Preston.[2] (*Id.* 36–37). Accordingly, the ALJ concluded that Plaintiff was not disabled. (*Id.* 37).

Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by the Appeals Council, rendering the ALJ's decision final and reviewable by this Court. (A.R. 5–13). Subsequently, on May 29, 2014, Plaintiff filed her Complaint (ECF No. 2) before this Court seeking a reversal of the ALJ's decision.

## II.     LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

[2] Although the ALJ elicited testimony from the vocational expert about other sedentary work that Plaintiff could possibly perform, he did not make an alternative finding at step five that Plaintiff could perform other kinds of work to support the decision that she is not disabled. (A.R. 37, 61–62).

D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### III. DISCUSSION

The sole argument Plaintiff raises in her Motion to Remand is that the ALJ erred in finding that Plaintiff could still perform her past relevant work as a housekeeper because her limitations—specifically the limitation to only occasionally reaching overhead with her left arm—are inconsistent with the physical requirements for the occupation of housekeeper as defined in the Dictionary of Occupational Titles ("DOT"), which requires the ability to frequently reach. (Mot. to Remand 6:1–10:16, ECF No. 20).

The Ninth Circuit, citing Social Security Ruling 00-4p, has stated that when a vocational expert provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative responsibility" to ask about a possible conflict between the vocational expert's evidence and information provided in the Dictionary of Occupational Titles ("DOT"). *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).  The court further stated that an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job if the ALJ does not comply with SSR 00-4p. *Id.*

In the Report and Recommendation, Judge Foley found that the ALJ did not err in failing to question the vocational expert about the possible conflict between his testimony that Plaintiff could perform her past work as a housekeeper and the DOT's defining housekeeping as a job that requires frequent reaching. (Report and Recommendation 13:1–17, ECF No. 24).  In reaching this finding, Judge Foley relied on the majority—but not unanimous—opinion of district court's in the Ninth Circuit that a job description in the DOT requiring reaching does not conflict with a claimant's inability to fully reach with one arm or hand unless the description required bilateral reaching. (*Id.* 8:5–11:14); *see, e.g.*, *Palomares v. Astrue*, 887 F.Supp.2d 906, 920 (N.D. Cal. 2012) (finding that where the vocational expert testified that his answers were consistent with the DOT and specifically considered the evidence indicating that the claimant had reaching and lifting limitations on his left side only, there was no conflict between the vocational expert's testimony that a person so limited could perform a DOT job that required "constant reaching" because "the DOT does not require constant reaching with both arms"); *Powell v. Colvin*, No. CV 12-11044 AJW, 2013 WL 6797569, at *4 (C.D. Cal. Dec. 19, 2013) (finding that a claimant's left extremity limitation did not preclude him from being able to perform his past job as a security guard because the DOT defines the job as requiring frequent reaching but "does not specify that frequent reaching requires the use of both arms"); *see also Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (holding that a vocational expert's testimony that the claimant could perform work as cashier or ticket seller notwithstanding the amputation of his non-dominant left hand was not inconsistent with the DOT's requirement of occasional or frequent handling and fingering for those jobs because the DOT does not require bilateral manual dexterity).  *But see Griego v. Colvin*, No. ED CV 14-375-E, 2014 WL 5305815, at *3–4 (C.D. Cal. Oct. 15, 2014), *reargument denied* (Dec. 17, 2014) (finding an apparent conflict between the vocational expert's testimony that a claimant with the inability to use his right hand for any purpose could perform the jobs of information clerk or parking lot signaler, which the DOT indicates require reaching).

Judge Foley further supported his finding by noting that an ALJ need only clarify a discrepancy between a vocational expert's testimony and the DOT where there is an "apparent" unresolved conflict, and here—because it is unclear whether the DOT's statement that housekeeping requires frequent reaching entails the use of both arms—if there is a conflict, that conflict is not apparent. (Report and Recommendation 11:15–12:9, ECF No. 24) (citing *Nelson v. Astrue*, No. C-10-0101 EMC, 2010 WL 4286316, at *3 (N.D. Cal. Oct. 22, 2010) (finding that there was an "arguable" but not an "apparent" conflict between a vocational expert's testimony that a claimant with the ability to perform light work without overhead reaching with the left dominant upper extremity could perform the jobs of a ticket seller or food/beverage clerk and the DOT's requirement of reaching for those jobs)); *see also Mickelson-Wurm v. Commissioner SSA*, 285 Fed. Appx. 482, 486 (9th Cir. 2008) (stating that "the ALJ must clarify the discrepancy . . . *only where there is an apparent unresolved conflict* that arises between the vocational expert's testimony and the DOT").

In her Objection, Plaintiff argues, without any citation to authority, that "it is apparent from a casual observation of a housekeeper's duties that this occupation requires bilateral overhead reaching on a more than occasional basis" and that "[n]o other characterization can withstand judicial muster." (Objection 4:5–5:8, ECF No. 25). The Court disagrees. In accordance with the majority of courts within this circuit, the Court finds that a vocational expert's testimony stating that a claimant with a limitation to occasional overhead reaching with one arm does not so conflict with the DOT's definition of housekeeping as requiring frequent reaching that the ALJ must question the expert about the conflict in order to rely on the expert's testimony. *See supra* 4:1–5:13. To the extent any conflict exists in this case, that conflict is not sufficiently apparent to trigger the SSR 00-4p requirement. *See Mickelson-Wurm*, 285 Fed. Appx. at 486. Additionally, though Plaintiff is correct that the Social Security disability claims hearing process is nonadversarial in nature, the fact that Plaintiff's counsel failed to question the vocation

expert on this potential conflict at the hearing further supports the finding that if any such conflict exists, it is not apparent and does not now justify reversal on appeal. *See Carey*, 230 F.3d at 146–47 ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing."); *see also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. . . . We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice which did not occur here."). Therefore, the ALJ did not err in relying on the testimony of Bernard Preston in finding that Plaintiff could perform her past work as a housekeeper.

Having reviewed the record, the Court agrees with the recommendation of Judge Foley and finds that the ALJ's determination that Plaintiff can perform her past work as a housekeeper was supported by substantial evidence and based on the proper legal standard. Accordingly, Plaintiff's Objection is without merit.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 24) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF 20) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 22) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 29th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court